**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 09 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID A. JONES,

Plaintiff - Appellant,

v.

R. ROQUE; S. A. HANDLEY,

Defendants - Appellees.

No. 13-16967

D.C. No. 5:12-cv-02946-LHK

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Lucy Koh, District Judge, Presiding

Submitted August 25, 2015[**]

Before:    McKEOWN, CLIFTON, and HURWITZ, Circuit Judges.

California state prisoner David A. Jones appeals pro se from the district

court's judgment dismissing for failure to exhaust administrative remedies his 42

U.S.C. § 1983 action alleging sexual assault by prison guards. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo*,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

775 F.3d 1182, 1191 (9th Cir. 2015). We affirm.

The district court properly concluded that Jones failed to exhaust his administrative remedies because Jones did not exhaust his grievance to the final level of review before filing this action and he did not demonstrate that administrative remedies were effectively unavailable to him. *See Sapp v. Kimbrell*, 623 F.3d 813, 821-24 (9th Cir. 2010) (explaining that "proper" exhaustion is mandatory and describing circumstances under which administrative remedies are deemed unavailable or exhaustion is excused).

We reject Jones's contention that administrative remedies were exhausted when Jones fully exhausted a separate grievance after filing this lawsuit.

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**